UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| PAUL CHRISTOPER TURNER, | ) | |
| | ) | No. 5:13-CR-047-GFVT-REW |
| Petitioner, | ) | No. 5:16-CV-383-GFVT-REW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | ) | **&** |
| | ) | **OPINION** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Paul Christopher Turner's *pro se* petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 81.] Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier, who filed a Report and Recommendation recommending that Turner's motion be denied. [R. 83.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Turner filed timely objections to the Recommendation. [R. 84.] Although some of his objections are not sufficiently specific under the above criteria, the Court acknowledges its duty to review the Defendant's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under a more lenient construction, one of Turner's objections is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewed the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Turner's objections will be **OVERRULED**.

I

On September 5, 2013, Paul Christopher Turner was indicted by way of a Second Superseding Indictment, with two counts of wire fraud under 18 U.S.C. § 1343, three counts of mail fraud under 18 U.S.C. § 1341, and one count of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). [R. 25.] On October 30, 2013, Turner entered a guilty plea to Count 1 and Count 6 of the indictment without having agreed to a plea deal with the United States. [R. 36.] On June 23, 2014, this Court sentenced Turner to imprisonment for a total of 120 months, followed by three years of supervised release. [R. 58.] At the hearing, the United States' motion to dismiss Counts 2-5 against Mr. Turner was granted. [*Id.*] On September 12, 2014, Turner's sentence was amended to include the determined restitution amount. [R. 71.] Turner appealed the judgment on July 3, 2014, and the Sixth Circuit affirmed on June 12, 2015. [R. 59, 71.] Turner then filed a writ of certiorari to the Supreme Court of the United States on June 18, 2015, but that petition was denied on October 5, 2015, thereby starting the one year statute of limitations

allotted to file a 28 U.S.C. § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996. [R. 72, 73.]

On October 14, 2016, Turner filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") based upon claims of inadequate assistance by his original counsel. [R. 75.] Allegedly unbeknownst to Turner, his motion contained several errors in regards to the claims presented, with the pleading arguing against the results of an entirely different criminal case that did not involve him. [*Id.*] Despite Turner's assertion that he was unaware of the third-party mistake concerning the content of his original 2255 motion, Mr. Turner signed the Motion and through declaration attested that the facts in the motion are "true and correct to the best of my knowledge under the penalty of perjury…" [*See* R. 75 at 12.] On October 14, 2016, Judge Wier ordered that Mr. Turner prepare and file a memorandum in support of his motion within 14 days. [R. 77.] Mr. Turner filed a Memorandum of Law in Support of his § 2255 Motion on October 22, 2016, with no mention of the errors that his original motion contained. [R. 78.]

Since the motion was incorrectly filed, Judge Wier ordered Defendant Turner to Show Cause and present the court with legal or factual arguments that prevent Mr. Turner's § 2255 Motion from being dismissed as untimely. [R. 79.] In Mr. Turner's response to the show cause order he blamed a hired typing service for an "inadvertent oversight" that resulted in his initial motion reciting the facts and legal arguments "of another inmate's § 2255 Motion, which did not match [Mr. Turner's] memorandum of law." [R. 80.] Mr. Turner then requested the Court to liberally construe his § 2255 Motion and "substitute the attached § 2255 Form Motion in place of the original one filed on October 4, 2016." [R. 80 at 2.] The amended § 2255 Motion contained substantive alterations to the original motion's claims for relief, as the December 5, 2016, motion

3

raised issues of fact and law entirely distinct from those initially presented to the Court. [*See* R. 80, 81.]

Judge Wier completed and filed a Recommended Disposition on December 28, 2016, in which he called for Mr. Turner's § 2255 Motion to be dismissed as time-barred. [R. 83.] Mr. Turner was given 14 days to file objections to Judge Wier's Recommended Disposition, but his objections were not received by the Court until January 24, 2017. [R. 84.] It is well established, however, that *pro se* prisoners enjoy a relaxed filing standard as a result of application of the "prison mailbox rule," therefore the Court will consider Defendant's objections to be timely. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *United States v. Thomas*, No. CRIM. 08-33-GFVT, 2012 WL 360039 (E.D. Ky. Jan. 31, 2012*).*

**II**

Liberally construing Turner's objections to Judge Wier's Recommended Disposition, the Court finds one objection which may be considered adequately specific. *See* U.S.C. § 636(b)(1)(c); *Mira*, 806 F.2d at 637. Turner argues that, by failing to liberally construe his original § 2255 Motion to allow his amended motion to relate back, the Court is utilizing procedural rules to escape having to rule on the merits of his claims. [R. 84 at 3.] Turner properly cites the decision of *Williams v. Curtin* for the proposition that pleadings filed by *pro se* litigants are held to a less stringent standard than those filed by lawyers, thus they are to be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, we do not find the *Williams* decision to be helpful in resolving this issue as even the most liberally construed reading of Turner's original § 2255 Motion would find that he failed to present a factual or legal basis for which relief should be granted.

4

Generally, a pleader requesting relief must provide some factual description of events or occurrences that give rise to a plausible inference that their claim is warranted and can later be supported by evidence. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although Turner is not a lawyer, and is not held to the same standard, his original § 2255 Motion was still insufficiently pleaded due to the numerous factual errors contained within. Although the cover page of his original § 2255 Motion provided the relevant information pertaining to his case, when it came time to state his claims, Turner's motion quickly deviated from the factual history of his criminal case. [*See* R. 75 at 1 (properly stating the Defendant name, case number, and basic identifying details.)]

For example, beyond the most basic identifying details, in the four grounds for relief requested, the claims only spoke of a female defendant named "Muniz" who believed that they had received ineffective assistance from both their trial and appellate counsel. [R. 75 at 4-8.] A mistaken identity was not the only issue with his motion; the specific conduct alleged in the motion included failures that did not relate to his case. Such "failures" include her (Muniz's) counsel not hiring a "forensic pathologist" or a "forensic accountant" to investigate during the pretrial stage, not "[interviewing] potential defense witnesses for trial", and not "[providing] any kind of trial strategy, legal defense or [making] proper objections at trial." [*Id.*] The mistakes in Defendant Turner's motion are made plain when you compare the original pleading with the amended § 2255 Motion filed by Turner on December 5, in which Turner's name is correctly listed in each claim and in which the grounds for the motion are supported by reference to the factual history of his case. [R. 81 at 4-6.]

But, Turner does not argue that the court should only look at his original pleading; instead, Turner requests that his amended pleading be allowed to relate back to the original

5

pleading to fix the clearly erroneous claims. [R. 80 at 2.] Under F.R.C.P 15, an amended pleading can "relate back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Section 2255 provides a one-year statute of limitations that runs from "(1) the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1).

AEDPA does not contain any explicit language that allows amendments to "relate back," thus failing the Rule 15(c)(1)(A) requirement. Fed. R. Civ. P. 15(c)(1)(A). In regards to Rule 15(c)(1)(B), Judge Wier's Recommended Disposition cites to *Mayle v. Felix* for the proposition that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." [R. 83 (citing to *Mayle v. Felix*, 545 U.S. 644, 654 (2005).] However, a claim that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" will not relate back. [*Id.* (citing to *Mayle*, 545 U.S. at 645).] Instead of modifying or adding new claims to an existing anchor claim that spawned from his case, the claims that Turner brings in his amended § 2255 Motion wholly differ from those that were brought in his original motion. [*Compare* R. 75 *with* R. 81.] Since there is no connection, factually or theoretically, between the original claims and the amended claims, relation back cannot be applied.

Turner himself admits that his original § 2255 Motion claims were not factually consistent with his case, but were instead prepared based upon another inmate's circumstances. [R. 80 at 2.] Turner claims that the errors on his original § 2255 Motion were caused by an "inadvertent oversight" of the typing service that Turner hired to prepare the motion. [*Id.*] But

even taking Turner's explanation as true, it does not excuse the mistakes present. Under F.R.C.P. Rule 11, a party who signs a document that is filed with the court certifies the truth of the contents contained within that filing. *Business Guides, Inc. v. Chromatic Communications Enter.,* 498 U.S. 533 (1991). There is an affirmative duty on the parties to investigate the truthfulness of the contents of their filings to an extent that is reasonable under the circumstances. *Id.* at 551. Thus, by signing the original § 2255 Motion, Turner affirmed that he had investigated the claims laid out within to a degree that was reasonable under the circumstances and attested to their truthfulness and applicability to his present case. [R. 75 at 12.] Given that he had a responsibility to review the motion prior to filing it with this court, the mistakes cannot be excused due to alleged third-party error.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's analysis of Turner's claims. Since Turner's original § 2255 Motion stated no claims that applied to him, and it would be inappropriate under Rule 15(c)(1)(B) to allow his amended pleading to relate back, the Court rightfully adopts Judge Wier's Recommended Disposition to dismiss Turner's § 2255 Motion. Furthermore, the Court agrees with the Magistrate Judge and declines to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Turner's objections to the Recommended Disposition [**R. 84**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 83**] is **ADOPTED** as and for the opinion of this Court;

3. The Defendant's Motion to Vacate under 28 U.S.C. § 2255 and Amended Motion [**R. 75, R. 81**] are **DISMISSED WITH PREJUDICE** as the claims are time-barred.

4. A Certificate of Appealability is **DENIED**; and

5. Judgment in favor of the United States will be entered contemporaneously herewith and Case No. 5:13-cr-047-GFVT will be **STRICKEN** from the Court's active docket.

This is the 22nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge